**87 So.2d 306**

**COMMERCIAL SECURITIES COMPANY, Inc.**

**v.**

**HUGH ROBERSON MOTORS, Inc., et al., Eldridge Chaisson, Third Opponent.**

**No. 42277.**

March 26, 1956.

Rehearing Denied May 7, 1956.

John W. Hebert, Jennings, for applicant.

Peterman & Burden, Alexandria, for respondents.

MOISE, Justice.

In the exercise of our supervisory jurisdiction, provided for by Article VII, Section 11, of the Louisiana Constitution of 1921, LSA, we granted certiorari to review a judgment of the Court of Appeal, Second Circuit, which reversed a judgment of the Ninth Judicial District Court for the Parish of Rapides.

The case involves the priority of a chattel mortgage held by plaintiff, Commercial Securities Company, Inc., against a 1954 Plymouth automobile which the third opponent, Eldridge Chaisson, purchased in good faith from Benoit Motor Co. (automobile dealer) under the following circumstances:

"On the early morning of October 15, 1953, Hugh Roberson Motors, Inc., a Chrysler and Plymouth automobile dealer in the City of Alexandria, in order to secure a loan of money made to it by plaintiff for the purpose of paying the manufacturer for a new Plymouth car purchased by and delivered to the dealer, executed a note secured by chattel mortgage on the vehicle. Later the same morning, defendant sold and delivered this automobile to Benoit Motor Co., an automobile dealer in Welsh, Louisiana, the purchaser having no actual knowledge of the chattel mortgage executed by defendant. On October 20th following, Benoit Motor Co. sold and delivered to third opponent the automobile in question. Subsequently, third opponent applied to the Louisiana Vehicle Commis-

sioner for a title to the Plymouth, following which he was informed by the Commissioner of the existence of the chattel mortgage granted by defendant. This mortgage, of the type referred to as a 'floor plan mortgage', was received in the office of the Commissioner on October 16, 1953, or, on the day following its execution and the sale of the car to Benoit Motor Co. The sale to Benoit Motor Co. was evidenced by delivery to the purchaser of the original invoice for the car received by Roberson Motors."

On November 25, 1953, plaintiff obtained a judgment against Hugh Roberson Motors, Inc. and Hugh Roberson, individually, and in solido, recognizing plaintiff's lien and privilege. Writs of fieri facias issued, and the automobile was seized from the third opponent, appraised and sold, and the proceeds of the sale were placed on deposit. The third opponent then filed an affidavit of ownership and a petition of third opposition, and the trial court recognized his claim and awarded him $1,700, plus $200 attorney's fees. The Court of Appeal for the Second Circuit reversed that judgment, and the third opponent applied to this Court for a writ of review.

A cursory review of the following pertinent provisions of the Louisiana Vehicle Certificate of Title Law, Act 342 of 1950 as amended is necessary:

LSA–Revised Statutes 32:702:

"(1) 'Person' shall mean any individual, firm, corporation, partnership or association.

"(2) 'Dealer' shall mean any person engaged in the business of buying, selling or exchanging motor vehicles which are subject to license under Chapter 4 of Subtitle II of Title 47 of the Louisiana Revised Statutes of 1950.

\*    \*    \*    \*    \*    \*

"(3) 'User' shall mean any person who acquires a vehicle for purposes other than resale and is required to register same under the provisions of the Louisiana Vehicle Registration License Tax Law, Chapter 4 of Subtitle II of Title 47 of the Louisiana Revised Statutes of 1950.

\*    \*    \*    \*    \*    \*

"(5) The term 'floor plan loan' shall mean any loan made to a licensed vehicle dealer and secured by a chattel mortgage on vehicle which constitutes a part of the dealer's stock in-trade held for sale in the ordinary course of business."

Using the inapplicable provisions of LSA–Revised Statutes 32:705, 32:706 and 32:710 as a basis, plaintiff contends that the title of Benoit Motor Co. was imperfect.

The facts are that the ownership of the Plymouth automobile passed to Benoit

Motor Co. prior to the recordation of plaintiff's mortgage. Therefore, Benoit Motor Co. acquired title free and clear of plaintiff's chattel mortgage. In Hindelang v. Collord Motors, 200 La. 569, 8 So.2d 600, 604, we held:

"It is our opinion that the plaintiff, having purchased for value the Plymouth automobile without knowledge or notice of the chattel mortgage and before the recordation thereof, the chattel mortgage was ineffective and not binding upon him and that he purchased the automobile free of it. Therefore, the seizure of the plaintiff's Plymouth automobile was illegal."

LSA–Revised Statutes 32:704 controls the instant matter and reads as follows:

"The provisions of this Chapter shall apply to the sale and chattel mortgaging of vehicles of the sort and kind required to be registered and licensed under the provisions of Chapter 4 of Subtitle II of Title 47 of the Louisiana Revised Statutes of 1950, *except that there is specifically excluded from the provisions of this Chapter the sale of a new vehicle prior to the first sale of such new vehicle to a user, as defined herein.* Such exclusion, however, does not exempt from the provisions of this Chapter such first sale made to a user as defined herein." (Italics ours.)

■ agree with the following quotation from the judgment of the trial judge:

"The fundamental premise of the statute is stated in Section 704 providing that 'there is specifically excluded from the provisions of this Chapter the sales of a new vehicle prior to the first sale of such new vehicle to a user, as defined herein.'

"This declaration of intent is clear and unambiguous and controls all that follows after it. In accordance with the background and reasons for the enactment of the legislation its purpose is to affect only vehicles that have entered into the general stream of public commerce. Its policy is not to affect new vehicles while they are yet in the ownership of the limited classes of manufacturers and dealers."

■ Since Benoit Motor Company had a perfect title, it had a right to transfer the car to the third opponent, Eldridge Chaisson. Recordation of the mortgage on October 16, 1953 was not effective against Benoit Motor Company and could not become effective against the third opponent, Eldridge Chaisson.

■ For the reasons assigned, the judgment of the Court of Appeal for the Second Circuit is reversed and set aside. The judgment of the trial court is reinstated, and under the provisions of the Code of Practice 554.1 it is amended so as to allow to the third opponent interest from date of judicial demand. All costs are to be paid by plaintiff.